IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 11-cv-00266-LTB-KLM

LARRY W. HOFFNER,

       Plaintiff,

v.

BANK OF CHOICE HOLDING COMPANY, d/b/a BANK OF CHOICE,

       Defendant.

_____

ORDER
_____

This matter is before me on a Motion to Remand [**Doc # 13**], in which Plaintiff, Larry E. Hoffner, asks that this matter be remanded back to District Court for Weld County, Colorado, following a Notice of Removal filed by Defendant Bank of Choice Holding Company, d/b/a Bank of Choice (the "Bank"). Oral arguments will not materially aid in the resolution of this request. After consideration of the law and the parties' briefing, I GRANT Plaintiff's request to remand this case.

**I. BACKGROUND**

Plaintiff's lawsuit against the Bank asserts claims for anticipatory breach of contract and declaratory judgment. In his complaint, Plaintiff avers that he is a former employee of the Bank and that as part of his compensation the parties entered into an "Executive Salary Continuation Agreement" on November 22, 2005, which was subsequently amended on September 17, 2007 (the "Agreement").

The Agreement provides benefits for Plaintiff upon his retirement. It specifically provides a deferred compensation benefit to Plaintiff – in the amount of $50,000 per year for ten years – upon reaching age 65. However, if Plaintiff voluntarily terminates his employment prior to reaching age 65, as occurred here, the Agreement provides that the deferred compensation benefit would terminate. Instead, Plaintiff would be provided "severance compensation," which would equal "the balance in the accrued liability retirement account at the date of termination in one (1) lump sum" at age 65. Plaintiff did, in fact, voluntarily terminate his employment with the Bank in December 2009. He avers in this lawsuit that the Bank has unequivocally stated that it will not provide him with his severance compensation when he becomes 65, on the basis that he violated the Agreement's "Covenant Not to Compete" provision.

As a result, Plaintiff filed his complaint on January 13, 2011 in Weld County District Court – Case No. 2011CV39, claiming anticipatory breach of the Agreement and seeking declaratory judgment. The Bank removed this case to this Court on February 1, 2011, asserting that this case falls within the parameters of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§1001, *et. seq.* ("ERISA"). Specifically, the Bank asserts that the Agreement constitutes an employee benefit plan – in that it is a plan, fund or program established and maintained by an employer for the purposes of providing retirement benefits or deferred compensation to participants or their beneficiaries – that is governed by ERISA. *See* 29 U.S.C. § 1002(1); *Peckham v. Gem State Mut. of Utah,* 964 F.2d 1043, 1047 (10th Cir. 1992). So, the Bank removed this case pursuant to 8 U.S.C. § 1441, on the basis that Plaintiff's complaint raised a federal question under ERISA. *See* 28 U.S.C. § 1331 (providing that the U.S. District court has original jurisdiction over "all civil actions arising under the Constitution, laws, or

treaties of the United States"); *see also* 29 U.S.C. § 1132 (a)(1)(B) (providing an exclusive federal cause of action for disputes that fall within the scope of ERISA); *Metropolitan Life Insur. Co. v. Taylor*, 481 U.S. 58, 62-63, 107 S.Ct. 1542, 95 L.Ed.2d 55(1987).

But, Plaintiff argues that ERISA does not apply to the Agreement and, therefore, this Court lacks subject matter jurisdiction because there is no federal question jurisdiction. Plaintiff seeks remand back to Weld County District Court pursuant to 28 U.S.C. § 1447(c), which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

## II. STANDARD OF REVIEW

This Court presumes no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. *Karnes v. Boeing Co.*, 335 F.3d 1189, 1194 (10th Cir. 2003). The burden is on the removing party – in this case the Bank – to demonstrate the court has jurisdiction to hear the claim, and it must satisfy its burden by a preponderance of evidence. *Memorial Health System v. Aetna Health, Inc.*, 730 F.Supp.2d 1289 (D. Colo. 2010). Additionally, there is presumption against removal jurisdiction and all doubts are resolved in favor of remand. *Holladay v. Kone, Inc.*, 606 F.Supp.2d 1296 (D. Colo. 2009).

## III. ANALYSIS

The question is whether the Agreement is or is not governed by ERISA. ERISA establishes a comprehensive regulatory scheme for self-funded employee benefit plans. 29 U.S.C. § 1003(a). One form of an employee benefit plan, as applicable here, is an "employee welfare benefit plan," which is broken down to five requirements or elements: (1) a plan, fund, or program; (2) established or maintained; (3) by an employer; (4) for the purpose of providing

benefits; (5) to participants or their beneficiaries.   29 U.S.C. § 1002(1); *Peckham v. Gem State, supra,* 964 F.2d at 1047 (*quoting Donovan v. Dillingham,* 688 F.2d 1367, 1371 (11th Cir. 1982)); *see also Halprin v. Equitable Life Assur. Soc. of U.S.,* 267 F.Supp.2d 1030, 1035 (D.Colo. 2003).   Plaintiff argues that the Agreement does not constitute a "plan" under ERISA.  An ERISA plan exists if "from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and the procedures for receiving benefits."  *Peckham v. Gem State, supra,* 964 F.2d at 1047; *Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 464 (10th Cir.1997).

Plaintiff first asserts that a reasonable person would not be able to ascertain the intended benefits of the Agreement.  Specifically, Plaintiff argues that the Agreement is not clear what amount of benefits would be payable upon termination. The Agreement provides that the compensation payable upon termination will equal the "accrued balance . . . of [Plaintiff's] accrued liability account." Section VI of the Agreement explains that the Bank shall establish an accrued liability retirement account for Plaintiff into which "appropriate reserves" shall be accrued.  The Agreement does not explain what constitutes "appropriate reserves," how much will be placed in the accrued liability retirement account, or whether there is a method for determining how much is to be placed in the accrued liability account.

The Bank does not contest that the amount of the severance pay benefit in the Agreement is not clearly defined.  It argues, however, that the amount of the intended benefit is not the relevant determination; it is rather the type of benefits that must be ascertainable.  And, in this case, it is clear that the Agreement provides "supplemental retirement benefits" to Plaintiff in the form of either deferred compensation or severance compensation.  In support of this position, the

Bank refers me to *Peckham v. Gem State, supra,* where the Court held that a medical plan was covered by ERISA because, among other things, a reasonable person would determine that the intended benefit was medical coverage. *Peckham v. Gem State, supra,* 964 F.2d at 1047; *see also Halprin v. Equitable Life, supra,* 267 F.Supp.2d at1036 (finding, without discussion, that a reasonable person could ascertain that the intended benefit "was for extended benefits in the event of disability").

Plaintiff argues that the cited cases are distinguishable – and do not govern here – in that the heath and disability benefits at issue would have been set forth with specificity in the relevant insurance policies. That, Plaintiff asserts, contrasts with this case in which the single benefit was generalized and unspecified. Plaintiff instead refers me to *Hughes v. Zurz,* 298 Fed.Appx. 404, 2008 WL 4488891 (6th Cir. 2008), an unpublished Sixth Circuit case which upheld a ruling that the intended benefits of the deferred compensation plan were not reasonably ascertainable when the amount of the benefits could not be determined. *Id.*

Plaintiff next argues that the Agreement is not a "plan" under ERISA because it does not provide benefits to a class of beneficiaries, but rather is merely an agreement with a single employee. He asserts the purported "plan" is simply a contact between himself and his former employer related to the terms and conditions of his particular employment. The Bank responds that the were many other employees (as many as 27) that were provided a "similar" deferred compensation/supplemental retirement plan, and that Plaintiff was "well aware" of the other participants.

Finally, Plaintiff asserts that the Agreement is not an ERISA "plan" because a reasonable person could not ascertain the source of its financing. The Agreement states that the Bank has

the right "to either fund the obligations undertaken by this [Agreement] or to refrain from funding the same and to determine the extent, nature and method of such funding."  The severance benefit at issue is to be paid from Plaintiff's accrued liability retirement account established by the Bank "into which appropriate reserves shall be accrued."  As such, Plaintiff says that the Agreement is not clear about its source of funding.  In response, the Bank argues that the plan is clear that it is "unfunded" – which is the nature of a "top-hat" plan, defined as an unfunded plan maintained by an employer for the purposed of providing deferred compensation to a select group of employees – in that it indicates that the Bank will either fund the obligations therein, or purchase a funding investment to do so. *See Goldstein v. Johnson & Johnson,* 251 F.3d 433, 435 (3rd Cir. 2001)(defining a top-hat plan and noting that top hat plans are expressly exempted from most of the substantive ERISA requirements normally employed to protect workers' interests in their plans).  Thus it argues that the source of funding is ascertainable.

My review of the Agreement reveals that it is an "unfunded arrangement maintained primarily to provide supplemental retirement benefits" to Plaintiff at age 65.  The separate provision providing for severance benefits if Plaintiff left his employ with the Bank prior to retirement, as relevant here, provides that "in the event that the employment of the [Plaintiff] shall terminate prior to retirement . . . by the [Plaintiff's] voluntary action, the this Agreement shall terminate upon the date of such termination of employment and the Bank shall pay to the [Plaintiff] as severance compensation an amount of money equal to the accrued balance . . . of the [Plaintiff's] liability reserve account in accordance with the election on Schedule A attached hereto, commencing at normal retirement age."  I note that neither party has provided me with a "Schedule A" to the Agreement.

Under these circumstances, the Bank has not demonstrated that the Agreement at issue is a "plan" governed by ERISA. In so deciding, I note that the Bank has not shown that a reasonable person could ascertain the intended benefit of the Agreement. While the source of financing is the "liability reserve account," that account is not further defined in the materials provided. More importantly, the Agreement does not benefit a "class of beneficiaries," but rather constitutes an employment benefit to a single employee. I am not persuaded by the Bank's unsupported claim that other employees are likewise provided with this benefit – via "similar" agreements – and thus it is a "plan" with an ascertainable class of beneficiaries.

In addition, I agree with Plaintiff that the Agreement does not constitute a "plan" in that it does not create a benefit which requires an ongoing administrative program. *See Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987)(ruling that a lump-sum severance payment to employees, as required by state statute, was not preempted by ERISA plan in that employers were not required to establish "an ongoing administrative program" that might be subject to conflicting state regulations or to administer funds that might be subject to abuse or misappropriation). In order fit within ERISA, the plan must implicate benefits "whose provision by nature requires an ongoing administrative program to meet the employer's obligation." *Siemon v. AT&T Corp.,* 117 F.3d 1173, 1178 (10th Cir. 1997)(quoting *Fort Halifax v. Coyne*, *supra*, 482 U.S. at 11).

To the extent that the Bank contends that the Agreement is governed by ERISA because it states that it is (it provides that is "a non-qualified benefit plan for purposes of the Employment Retirement Income Security Act of 1974, as amended"), or because an ERISA report was filed with the Department of Labor upon its formation, *see* 29 C.F.R. § 2520.104-23, I

note that "ERISA protection and coverage turns on whether [a plan] satisfies the statutory definition of 'employee welfare benefit plan,' not whether the entity that established and maintained [the plan] intended ERISA to govern [it]." *Hill v. Association of Small Business Employees,* 824 F.Supp. 955, 959 (D.Colo. 1992) (*quoting MDPhysicians & Associates, Inc. v. State Bd. of Ins.,* 957 F.2d 178, 183 n. 7 (5th Cir. 1992)); *see also Cassidy v. Akzo Nobel Salt, Inc.,* 308 F.3d 613, 617 (6th Cir. 2002) (finding no case law supporting the proposition than an employer's subjective understanding of the status of its termination benefits plan is a relevant criteria in determining whether it qualifies as an ERISA plan).

As a result, for the limited purpose of determining this motion for remand, I conclude that the Bank has not meet its burden to demonstrate, by a preponderance of the evidence, that this court has federal subject matter jurisdiction under 28 U.S.C. § 1331 because the Agreement at issue does not constitute an "employee welfare benefit plan," as defined by 29 U.S.C. § 1002(1), that is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et. seq.*

ACCORDINGLY, I GRANT the relief requested in the Motion to Remand [**Doc # 13**] and, as a result, I ORDER this action be REMANDED back to District Court for Weld County.

Dated: June   21  , 2011, in Denver, Colorado.

                                              BY THE COURT:

                                                s/Lewis T. Babcock
                                              LEWIS T. BABCOCK, JUDGE